# In the United States Court of Federal Claims

No. 11-153C

(Filed Under Seal: June 21, 2016 | Reissued: July 21, 2016)[*]

|  |  |  |
|---|---|---|
| CONFIDENTIAL INFORMANT 59-05071, | ) ) ) | Keywords: Spoliation. |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| THE UNITED STATES OF AMERICA, | ) ) |  |
| Defendant. | ) ) ) |  |

*Thomas Scott Tufts*, Tufts Law Firm, PLLC, Altamonte Springs, FL, for Plaintiff.

*Jessica R. Toplin*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for Defendant. With her on the briefs were *Franklin E. White*, *Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General.

## OPINION AND ORDER

The plaintiff, Confidential Informant 59-05071 (hereinafter "Pat Doe"), has filed a Motion for Spoliation of Evidence and for Sanctions. ECF No. 161. In the motion, Doe claims that "the Government has lost, destroyed or failed to produce" certain "key documents and evidence." Pl.'s Mot. for Spoliation at 6. These include, among others, "documentation relating to the preparation for and conducting of the […] interview of a 'new witness'" by […]; a "[…] minute tape recording of both sides of the telephonic consensual monitoring" of a telephone call held on […] between an […] and an individual referred to as […]; and "documentation showing that the IRS Criminal Investigation Division made a proper referral of this matter to the Civil Examination Function of the IRS." Id. at 6–7.[1] Doe proposes that the Court consider imposing a

---

[*] This Opinion was originally issued under seal, and the parties were given the opportunity to request redactions. In light of the parties' suggested redactions, the Opinion is now reissued with redactions of potentially sensitive information indicated by brackets.

[1] Among the documents subject to its motion for spoliation, Doe also includes the workload logs of […] and […]. Pl.'s Mot. for Spoliation at 6. Doe does not claim, however, that these logs have been destroyed. Instead, it appears that the dispute between the parties concerns whether these

variety of sanctions on the government for the alleged spoliation of this evidence, up to and including the entry of a default judgment. Id. at 23–25.

The government, for its part, contends that the tape to which Doe refers never existed, and that it possesses no documentation of either an […] interview of a new witness or the referral of the underlying matter to the IRS' Civil Examination Function. Def.'s Opp'n at 8–15. It also contends that, in any event, even assuming these items ever existed, the sanctions Doe requests are not appropriate because: 1) there is no proof that the government had a duty to preserve the items at the time that they were lost; 2) there is no evidence of bad faith by the government; and 3) there is no basis to find prejudice because it is not clear that any of the evidence allegedly destroyed would support Doe's claims in this case. Id. at 15–21.

For the reasons set forth below, the Court concludes that Doe's motion for spoliation must be **DENIED**.

## DISCUSSION

"Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). Sanctions for spoliation arise out of the court's inherent power "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)), reh'g denied, 501 U.S. 1269 (1991).

"[T]he degree of culpability, as well as the harm caused by the loss of evidence, impacts not only whether a sanction should be imposed [for spoliation], but also which sanction is appropriate." Lab. Corp. of Am. v. United States, 108 Fed. Cl. 549, 560 (2012) (citations omitted). "Under this balancing approach, there are no bright lines, at least in terms of mens rea, with the focus instead being on effectively addressing overall, the spoliation conduct, as well as the harm it engendered." United Med. Supply Co. v. United States, 77 Fed. Cl. 257, 271 (2007).

As the court of appeals has observed, "[t]he general rules of evidence law create an adverse inference when evidence has been destroyed and '(1) . . . the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) . . . the records were destroyed with a culpable state of mind; and (3) . . . the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" Jandreau v. Nicholson, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (internal

---

items were within the scope of the original discovery requested in this case. Def.'s Resp. in Opp'n (Def.'s Opp'n) at 5, ECF No. 163 (noting that the government had declined to produce these logs because discovery had already closed, because the workload logs "merely showed the time the agents spent on this investigation," and because "all substantive information generated had been placed in the case file that had already been produced in discovery"). Id. The Court will not address this dispute in the context of a motion for sanctions based on spoliation.

citation and quotation marks omitted). "The burden is on the party seeking to use the evidence to show the existence of each criterion." Id. (citing Residential Funding, 306 F.3d at 107).

Given these standards, the first showing the moving party must make in a spoliation case is, of course, that the evidence alleged to have been destroyed once existed. With respect to the alleged tape recording of the […] telephone call, Doe argues that the existence of such a tape is conclusively established by the recorded remarks of the undercover agent captured by the existing tape recording of the agent's side of the conversation. See Pl.'s Reply at 2–5; see also Pl.'s Mot. for Spoliation Ex. E (transcript of tape as translated from original […]). The government contends, on the other hand, that Doe's arguments are "mere supposition based on his interpretation of other evidence or on inadmissible testimony." Def.'s Opp'n at 11. It further observes that the documentation that would usually be generated and maintained where such a recording is performed does not exist and that the tape recording that Doe claims once existed was not found in the file where it routinely would have been stored. Id. at 11–12.

The Court agrees with Doe that there is more than "supposition" to support his contention that a tape recording of the phone call may have once existed. Thus, during […] deposition, the undercover agent acknowledged that the recording that the IRS did maintain (which captured […] statements but not those of the other party on the phone call) shows that […] requested a tape recorder for the purposes of recording the phone call (although it is not clear whether […] actually received one). Def.'s Opp'n App. at 90–93 (transcript of deposition of undercover agent). Further, the transcript of the recording of […] remarks that Doe commissioned appears to suggest that […] at least believed that […] was recording both sides of the telephone conversation. It reflects that that prior to her call to the other party ([…]), […] stated: "[t]his is […]. I'll be calling […], the owner of […] at […]. The date is […]. The time is approximately […], and I consent to this recording." Pl.'s Reply at 4. In addition, the transcript also reveals that, at the conclusion of the call, […] stated as follows: "[t]his is […]. The time now is […]. The date is […]. This concludes the consensual monitoring with […], the owner of […]." Id. Moreover, the undercover agent who made the phone call does not conclusively deny that […] recorded it; instead, […] states that […] does not recall whether or not […] actually received a tape recorder for the purposes of recording the call at issue or whether a recording was made. Def.'s Opp'n App. at 77. The other individuals present during the call have similarly submitted affidavits stating that, while the existing tape recording shows that the undercover agent requested a tape recorder for the purposes of recording the phone call, they have no specific recollection as to whether the recorder was provided or a recording was made. Id. at 79; 83.

But while Doe's claim that a tape recording that captured both sides of the conversation once existed is more than "mere supposition," the Court does not agree that the transcripts of the agent's side of the call supply preponderant evidence that such a tape existed or that it was destroyed by IRS personnel with a "culpable mind." It certainly does not supply the kind of "clear and convincing evidence" needed to establish that government officials have acted in bad faith. See Rd. & Highway Builders, LLC v. United States, 702 F.3d 1365, 1369 (Fed. Cir. 2012); Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1240 (Fed. Cir. 2002).

The Court finds it significant that there is no paper trail establishing that the tape ever existed. To conclude that the tape existed, the Court would have to infer that such documentation was either never created or was intentionally destroyed. But there is no evidence to establish that

the hypothetical tape or accompanying documentation was lost or otherwise destroyed and no reason for the Court to doubt the veracity of the IRS declarants who state that they do not remember whether a tape recording was ever made. Because Plaintiff bears the burden of proof on these matters, and in light of the presumption of good faith on the part of government officials, the Court cannot conclude—based on the record before it—that spoliation has occurred with respect to any tape recording made on […].

Similarly, the Court cannot determine on the present record whether there ever existed documentation of an interview of a new witness that […] allegedly conducted on […]. While the workload logs support Plaintiff's contention that […] was preparing to interview a new witness in […], the government represents that the documentation that would ordinarily be prepared is not in the case file or in […] electronic records, and […] states that he has no present recollection of such an interview being conducted. Def.'s Opp'n at 8–9. Doe, accordingly, fails to demonstrate that the government destroyed or lost documents related to the alleged witness interview, or that it did so with a culpable state of mind.

Doe has also failed to show that there existed additional documents regarding the referral of the underlying matter from IRS' Criminal Division to its civil function that the government has lost or destroyed. Indeed, Doe acknowledges that the government had produced both the draft and final versions of Form 13308, a standard case closing report form, which the Criminal Division provided to the civil side of IRS. Pl.'s Mot. for Spoliation at 7. The government represents that no other non-privileged documents exist reflecting a referral of the underlying matter from the Criminal Division and Doe has provided no basis for concluding otherwise, either direct or circumstantial. Def.'s Opp'n at 13–14.

For these reasons, the Court concludes that Doe's request for sanctions based on spoliation of evidence must be **DENIED**.[2]

## CONCLUSION

Plaintiff's Motion for Spoliation of Evidence and for Sanctions is **DENIED**.

Discovery having closed, the parties shall file a joint proposed schedule for the filing of motions for summary judgment in this matter no later than July 8, 2016.

---

[2] The Court notes that at this juncture of the case, before there has been a trial or even briefing on the merits, the Court would not be in a position to determine what sanction, if any, would be appropriate, even if Doe were to establish spoliation occurred with respect to the tape recording or the documents he claims were destroyed. The Court is uncertain at this point how the alleged tape recording, witness interview notes, or referral documents bear on or support Doe's claims in this case as the Court currently understands them.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge